**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDUL MOHAMMED,<br><br>Petitioner,<br><br>v.<br><br>ICE, et al.,<br><br>Respondents. | Civil Action No. 26-8318 (ZNQ)<br><br>**ORDER** |

This matter comes before the Court on Petitioner Abdul Mohammed's habeas petition through which it appears he is seeking to challenge his immigration detention. (ECF No. 1.) Initially, the Court notes that Petitioner has neither paid the five dollar filing fee applicable to this habeas proceeding, nor has he filed an application to proceed *in forma pauperis*. Should Petitioner wish to pursue claims for relief in this matter, he must either pay the filing fee or submit proper documentation demonstrating his indigence.

Moving beyond the fee issue, "[h]abeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Under Rule 2 of the Rules Governing Section 2254 Cases, applicable to this matter through Rule 1(b), habeas petitioners are required in their petitions to specify all the grounds for relief they wish to pursue and state the facts supporting each ground for relief raised. This requires a habeas petitioner to present sufficient specific, particularized facts in his motion to vacate sentence to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*,

153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007).

Although Petitioner asserts that he was taken into immigration custody in March 2026 for unspecified reasons, he provides little in the way of factual information, allegations of improper conduct, or clear claims for relief. (*See* ECF No. 1 at 3, 6-7.) Instead, Petitioner provides only vague conclusory headlines for his claim for relief, stating only that there has been an "APA violation," "4th and 5th amendment violation," and that he is a "victim of fraud in foreign labor victim." (*Id.*) Petitioner has not provided sufficient factual information to permit this Court to discern what claims he is seeking to raise, or why he believes his current period of immigration detention is unlawful. His current petition must therefore be dismissed without prejudice at this time. Petitioner is granted leave to file an amended petition within thirty days. Should Petitioner choose to file an amended petition, he need not provide legal analysis; he need only provide clear factual allegations regarding why he believes his current detention is improper.

**IT IS THEREFORE** on this 7th day of July 2026,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; it is further

**ORDERED** that Petitioner is granted leave to file an amended petition containing sufficient factual matter to meet the habeas pleading requirements within thirty days, any amended petition Petitioner chooses to file must be accompanied by either the five dollar filing fee or a complete *in forma pauperis* application; it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus Case, for use by a prisoner; it is further

**ORDERED** that the Clerk shall forward Petitioner a blank form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**